```
                                                    USDC SDNY
                                                    DOCUMENT
                                                    ELECTRONICALLY FILED
                                                    DOC #:_____
                                                    DATE FILED: 5/14/2026
```

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X

DOUP PARTNERS, LLC,

                         Plaintiff,

            -against-

HUNTERS POINT AGENCY, LLC.,

                       Defendant.
-----------------------------------------------------------------X

**23-CV-213 (JHR) (KHP)**

**POST-INITIAL CASE**
**MANAGEMENT CONFERENCE**
**ORDER**

**KATHARINE H. PARKER, United States Magistrate Judge:**

On May 14, 2026, the parties appeared before the undersigned for an Initial Case Management Conference.  After review of the pleadings and consultation with the parties, the following Scheduling Order is entered pursuant to Rule 16 of the Federal Rules of Civil Procedure:

**Pleadings, Parties, and Motions.**  The parties shall have until **June 15, 2026**, to amend the pleadings and join parties.  No further amendments or joinder of parties thereafter absent good cause.

**Discovery.**   The deadline to complete all fact discovery is **September 18, 2026.**  The parties will be limited to 25 document requests each and 6 depositions each.  Expert discovery will proceed on the following schedule: affirmative expert reports are due **October 19, 2026**, rebuttal reports are due **November 21, 2026**, and the deadline to complete all expert discovery is **December 21, 2026**.

**Discovery Disputes.**  The parties shall follow the Court's Individual Procedures with respect to any discovery disputes. *See* https://nysd.uscourts.gov/hon-katharine-h-parker.

**Rule 1 and Rule 26(b)(1).**  Counsel shall comply with Rule 1 and Rule 26(b)(1) in the conduct of discovery.

**Document Requests.**  Counsel shall be fully familiar with their obligations under Rules 34 and 26(g) and consider and discuss ways to ensure compliance and minimize disputes regarding overbreadth and specificity of requests and responses.  A failure to comply with this responsibility carries serious consequences.  Requests for any and all documents on a broad topic are presumptively improper.  Likewise, courts have held that an objection that does not appropriately explain its grounds is forfeited.  *See, e.g.*, *Wesley Corp. v. Zoom T.V. Prods., LLC*, No. 17-100212018, 2018 WL 372700, at *4 (E.D. Mich. Jan. 11, 2018); *Fischer v. Forrest*, No. 14 Civ. 01304 (PAE) (AJP), 2017 WL 773694 (S.D.N.Y. Feb. 28, 2017) ("[A]ny discovery response that does not comply with Rule 34's requirement to state objections with specificity (and to clearly indicate whether responsive material is being withheld on the basis of objection) will be deemed a waiver of all objections (except as to privilege).").

**Status letter.**  In lieu of scheduling a case management conference, the parties shall provide a status update on discovery by **June 15, 2026**.

**SO ORDERED.**

DATED:   New York, New York
         May 14, 2026

_____
KATHARINE H. PARKER
United States Magistrate Judge

2